UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE B. BLACKWELL,

    Plaintiff,

    v.

SECTEK, INC.,

    Defendant.

Civil Action No. 13-1536 (JDB)

## ORDER

Plaintiff Eugene Blackwell, proceeding pro se, brought this suit against his employer, SecTek, Inc. Blackwell originally filed his complaint in D.C. Superior Court, and SecTek timely removed the action to this Court under 28 U.S.C. §§ 1332, 1441, & 1446. Read broadly, Blackwell's complaint asserts violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").

Pointing to the thinness of Blackwell's complaint, SecTek moved to dismiss under Rule 12(b)(6) for failure to state a claim. Def.'s Mot. to Dismiss [ECF No. 6]. Blackwell did not respond by filing a memorandum in opposition; instead, he filed a "motion to submit exhibits," and this Court granted leave to file that motion.[1] See Pl.'s Mot. to Submit Exs. [ECF No. 7]. SecTek filed a motion seeking to strike the exhibits and a reply brief in support of its motion to dismiss. Def.'s Mot. to Strike [ECF No. 8]; Def.'s Reply in Supp. of Its Mot. to Dismiss [ECF No. 9] ("Def.'s Reply").

---

[1] Moreover, Blackwell filed that motion after the deadline for responding to SecTek's motion to dismiss came and went. See Local Civil Rule 7(b).

1

The Court will construe Blackwell's pro se "motion to submit exhibits" as a motion to file an amended complaint with the exhibits in the motion attached to his original complaint. See Erickson v. Pardus, 551 U.S. 89, 94, 127 (2007) (noting that pro se complaints are to be "liberally construed"). Because it was filed just a few days after the deadline passed to amend as a matter of course under Federal Civil Rule 15(a)(1)(B), the Court will exercise its discretion and grant leave to amend in this case; after all, such leave "should [be] freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will deny SecTek's [8] motion to strike. Although SecTek argues that the complaint, "with or without the proposed exhibits, lacks sufficient factual allegations" to survive a motion to dismiss, the Court will deny [6] SecTek's motion to dismiss without prejudice to allow SecTek an opportunity to more fully respond to the amended complaint. Def.'s Reply [ECF No. 9] 3.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must take pains to advise a pro se party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." Id. at 509. In addition, the Court's local rules state that "[w]ithin 14 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b). Should SecTek respond to the filing of Blackwell's amended complaint with a renewed motion to dismiss, Blackwell is hereby advised that if he does not respond within 14 days after he is served with such a motion, the Court will treat the motion as conceded and may summarily dismiss the complaint against SecTek or enter judgment in its favor.

Accordingly, it is hereby

**ORDERED** that [7] plaintiff's motion to submit exhibits is construed as a motion for leave to file an amended complaint; it is further

**ORDERED** that [7] plaintiff's motion for leave to file an amended complaint is **GRANTED**; it is further

**ORDERED** that the Clerk shall promptly file plaintiff's original complaint, combined with the exhibits attached to [7] plaintiff's motion to submit exhibits, as plaintiff's amended complaint; it is further

**ORDERED** that [6] defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that [8] defendant's motion to strike is **DENIED**; and it is further

**ORDERED** that defendant shall file its answer or otherwise respond to plaintiff's amended complaint by not later than February 14, 2014.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: January 27, 2013